# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMÁN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7624 | **DATE** | 11/2/11 |
| **CASE TITLE** | John Preston Jenkins (#15629-026) vs. Sheriff Tom Dart | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders prison officials to deduct $3.41 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust account supervisor at the Federal Correctional Institution in Greenville, Illinois. However, the complaint is dismissed on preliminary review as precluded by class action *Young v. Cook County*, Case No. 06 C 0522 (N.D. Ill.). Dismissal is without prejudice to Plaintiff seeking relief as a class member in *Young*. In the event that Plaintiff is not entitled to a portion of the *Young* settlement award, he may file a motion for reinstatement of this case within sixty days of the date of this order.

■ [**For further details see text below.**]     Docketing to mail notices.

## STATEMENT

Plaintiff, currently a federal prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was a member of the class certified in *Young v. Cook County*, Case No. 06 C 0522 (N.D. Ill.), but that he received no notice of the class action and was not advised of his ability to "opt in" or "opt out" of that case.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $16.64. The trust account supervisor at Plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

identify Plaintiff's name and the case number assigned to this action. The inmate trust account office at FCI-Greenville shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another correctional facility.

In *Young*, Case No. 06 C 0522, the Court certified the following classes: (1) all males who were subjected to a strip search and/or a visual body cavity search as new detainees at the Cook County Jail on or after January 30, 2004; and (2) all persons charged only with misdemeanor or lesser offenses who were subjected to a strip search and/or a visual body cavity search as new detainees at the Cook County Jail on or after January 30, 2004. *See* Memorandum Opinion and Order of April 25, 2007 (Kennelly, J.). Plaintiff specifically states that his claims fall within the penumbra of the *Young* class action. *See* complaint, p. 6. Moreover, he implicitly admits that he never opted out of *Young*, maintaining that he was not advised of his right to do so. *Ibid.*

It is irrelevant whether Plaintiff received actual notice. Judge Kennelly approved the manner and wording of the notice to the class. Because Plaintiff did not follow the proper procedures for formally "opting out" of the class action, he is bound by the terms of the settlement agreement and cannot pursue an independent lawsuit.

For the foregoing reasons, this case is dismissed without prejudice to belatedly pursuing relief in the *Young* class action. Plaintiff should contact plaintiffs' counsel in the *Dunn* case, Michael I. Kanovitz, at the firm of Loevy & Loevy, 312 North May St., Suite 100, Chicago, Illinois 60607, to see whether he may still be able to recover a portion of the settlement award. *See* Minute Order of April 22, 2011, entered in *Young*, Case No. 06 C 0552 (Kennelly, J.) (granting and denying requests to file late claim forms); *see also* Minute Entry of October 17, 2011 (directing the parties to file a status report regarding late claims and inquiries). If Plaintiff is denied any part of the class settlement award in *Young*, he is directed to file a motion for reinstatement within sixty days of the date of this order. In that event, the Court will revisit whether Plaintiff may have a timely and tenable, independent cause of action.